UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00528-CAS-Ex | Date | February 14, 2022 |
|---|---|---|---|
| Title | FRONTIER PROPERTIES LLC v. SOLANGE RUTLEDGE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) – ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

On December 10, 2021, plaintiff Frontier Properties LLC filed an unlawful detainer action in Los Angeles County Superior Court against defendants Solange Rutledge, DBA One Step Forward, Inc., and Does 1-10. Dkt. 1 ("Removal") at 3-8. On January 25, 2022, Rutledge filed a notice of removal on the basis of purported federal question jurisdiction. Id. ¶ 1. Rutledge was served with a summons and the complaint on December 10, 2021, and notes that this removal is therefore timely pursuant to 28 U.S.C. § 1446(b). Id. ¶ 2.

Rutledge contends federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because this action arises under the Fourteenth Amendment of the U.S. Constitution. Id. ¶ 5. Specifically, Rutledge claims that Frontier Properties violated her due process rights by evicting her during a pandemic, despite an appellate court ruling that renters cannot be evicted during a pandemic without first being permitted to raise affirmative defenses, which, if proved, would allow them to maintain possession of the property. Id. ¶ 5 (citing Asuncion v. Superior Ct., 108 Cal. App. 3d 141 (1980)[1]).

There is a "strong presumption against removal jurisdiction," meaning "that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 528 F.23d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

---

[1] Rutledge cites to Asuncion v. Superior Court of Riverside County, but it appears from the case citation that the correct case name is Asuncion v. Superior of San Diego County.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00528-CAS-Ex | Date | February 14, 2022 |
|---|---|---|---|
| Title | FRONTIER PROPERTIES LLC v. SOLANGE RUTLEDGE ET AL. | | |

No basis for federal subject matter jurisdiction is apparent in this case. Federal courts have federal question jurisdiction over actions that arise pursuant to federal law. 28 U.S.C. § 1331. The complaint states a single cause of action for unlawful detainer. "Unlawful detainer actions are strictly within the province of state court." Fed. Nat'l Mortg. Assoc. v. Suarez, No. 1:11-cv-01225 LJO GSA, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011); see also Rancho Horizon, LLC v. Danielyan, No. CV 13-9365 FMO JCX, 2014 WL 309592, at *1 (C.D. Cal. Jan. 28, 2014) ("[T]here is no basis for federal question jurisdiction, as the state court complaint contains a single cause of action for unlawful detainer."); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.").

The fact that Rutledge's defense is based in the Fourteenth Amendment does not give this Court federal question jurisdiction pursuant to 28 U.S.C. § 1331. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393; see also IH3 Prop. W., L.P. v. Morgan, No. CV 14-09507-AB (ASX), 2015 WL 12819164, at *2 (C.D. Cal. Jan. 7, 2015) ("Whether a defendant has a federal defense or a counterclaim to a plaintiff's unlawful detainer claim is immaterial to federal-question jurisdiction under 28 U.S.C. section 1331."); Cal. Equity Mgmt. Grp., Inc. v. Jiminez, No. 13-cv-1222 JSC, 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses.").

Removal also does not appear proper pursuant to diversity jurisdiction. Removal on the basis of diversity jurisdiction requires that the parties be of diverse citizenship and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The Court is unable to determine whether diversity exists as Rutledge does not allege the citizenship of any party. However, even if the parties were diverse, diversity jurisdiction would still be lacking because the amount in controversy does not exceed the $75,000 threshold. In unlawful detainer proceedings, "the right to possession alone [is] involved, and the broad question of title [cannot] be raised and litigated by cross-complaint or affirmative defense." Evans v. Superior Ct., 67 Cal. App. 3d 162, 170 (1977). Accordingly, the amount in controversy is determined by "the amount of damages sought in the complaint,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-00528-CAS-Ex | Date | February 14, 2022 |
|---|---|---|---|
| Title | FRONTIER PROPERTIES LLC v. SOLANGE RUTLEDGE ET AL. | | |

not the value of the subject real property[.]" Litton Loan Serv., L.P. v. Villegas, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011). Here, the complaint states that the amount demanded does not exceed $10,000. Removal at 5. Plaintiff seeks only delinquent rent, which totaled $4,950.00 when the unlawful detainer action was filed, attorneys' fees, and forfeiture of the rental agreement. Id. at 8. Since there are no facts to suggest the parties are diverse and the amount in controversy requirement is not met, diversity jurisdiction does not support removal in this case.

In accordance with the foregoing, it appears that the Court lacks subject matter jurisdiction over this unlawful detainer action. Rutledge is hereby **ORDERED** to **SHOW CAUSE,** on or before **March 7, 2022**, why the instant action should not be remanded to the Superior Court for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |